UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| STANISLAUS NWACHUKWU, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 23-1864 |
| U-HAUL CO. OF LOUISIANA | * | SECTION "R" (2) |

### ORDER AND REASONS

Pending before me is Plaintiffs Stanislaus Nwachukwu and Ijeoma Blessing Nwachukwu's second Motion for Leave of Court to Amend. ECF No. 63. Defendant U-Haul Co. of Louisiana timely filed an Opposition Memorandum. ECF No. 72. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiffs' Motion for Leave to Amend is DENIED for the reasons stated herein.

### I.     BACKGROUND

Plaintiffs filed suit in state court against U-Haul Co. of Louisiana asserting claims of race discrimination and defamation. ECF No. 1-1. Plaintiffs allege that, in December 2022, they rented a U-Haul truck for three days to move from Louisiana to Georgia. *Id.* ¶ 4. While in Georgia, Plaintiffs allege they re-rented or renewed the rental for several additional days, but Defendant's employees filed a false police report alleging that they stole and/or absconded with the truck. *Id.* ¶ 5. Plaintiff Stanislaus Nwachukwu was arrested and held in jail for a week based on Defendant's police report. *Id.* ¶ 6.

Defendant filed a Notice of Removal on June 2, 2023. ECF No. 1. By Scheduling Order dated September 8, 2023, the Court scheduled trial for August 26, 2024, with a discovery deadline of June 25, 2024, and a deadline for amending pleadings of October 9, 2023. ECF No. 9. On June 25, 2024, the parties filed a Joint Motion to Continue and Extend Deadlines. ECF No. 16. Judge

1

Vance found that the parties established good cause for a brief continuance of the trial date and unexpired deadlines but had not shown good cause to continue any of the expired deadlines. ECF No. 18 at 3. The Court issued a new Scheduling Order on July 15, 2024, setting trial on April 7, 2025, with a dispositive motion and discovery deadline of February 4, 2025. ECF No. 21. Because deadline for amending pleadings (October 9, 2023) had expired and Judge Vance did not find good cause to extend that expired deadline, the Scheduling Order did not include a new deadline for amending pleadings.

Discovery ended on February 4, 2025. The following day, on February 5, 2025, Plaintiffs filed their first Motion to Amend, requesting leave to add Acadia Services, LLC as a defendant. ECF No. 44. On February 20, 2025, the Court denied Plaintiffs first Motion to Amend, both because they failed to establish good cause to modify the scheduling order under Rule 16 and because substantial reason to deny amendment existed based on undue delay, undue prejudice and disruption to the Court's schedule. ECF No. 71 at 8.

In the interim, Plaintiffs filed this second Motion to Amend, requesting leave to add not only Acadia Services as a defendant, but also U-Haul Holding Company, U-Haul Moving & Storage at Northeast Expressway, and Repwest Insurance Company pursuant to Rule 15(a)(2) because they recently obtained documents from Defendant on the truck's ownership that indicate these entities are necessary parties under Rule 12(b)(7). ECF Nos. 63 ¶¶ 4, 6; 63-2 at 2-5. Plaintiffs allege Acadia Services and U-Haul Moving & Storage are necessary parties because Plaintiffs entered the rental contracts with them, not Defendant. ECF No. 63 ¶ 7; *see also* ECF Nos. 63-5, 63-8. They allege Repwest is a necessary party because it provided insurance during the rental of the truck and may provide insurance coverage in this case. ECF No. 63 ¶ 10. They argue U-Haul

2

Holding is a necessary party because it is the Defendant's parent and is responsible for managing the red bar process.  ECF Nos. 63 ¶ 6; 63-2 at 5.

In Opposition, Defendant contends that the motion is untimely and unnecessary because the deadline for amendments expired over a year ago (on October 9, 2023), the deadlines for discovery and filing dispositive motion have passed, and Plaintiffs have failed to demonstrate good cause for the late addition of new defendants.  ECF No. 72 at 1.  Defendant argues that Plaintiffs were aware of the existence of Acadia Services and U-Haul Moving & Storage for over two years as their names are identified on the front page of the original rental contracts, and Acadia Services is reflected on Plaintiff Stanley Nwachukwu's credit card statement  *Id.* at 2; *see also* ECF Nos. 25-5 at 2; 31-4 at 1; 31-7 at 1.  Defendant also argues that that Plaintiffs were aware of the existence of U-Haul Holding by June 2, 2023, because it identified the entity in its Statement of Corporate Disclosure, and of Repwest by November 22, 2023, because it identified that entity in in its Initial Disclosures.  ECF No. 72 at 2-3; *see also* ECF Nos. 2, 63-4.  Defendant contends that Plaintiffs failed to conduct any discovery for almost two years, and then just a few days before the discovery deadline, sought to take its Rule 30(b)(6) deposition with only 2 to 4 days' notice.  ECF No. 72 at 2, 6.  Defendant argues that Plaintiffs cannot rely on Rule 15 because they seek to amend after expiration of the deadline, and thus, must first establish good cause under Rule 16 before addressing whether amendment is proper under Rule 15.  *Id.* at 8-9. Defendant argues the amendments would be prejudicial because they fundamentally alter the nature of the case, the discovery and dispositive motion deadlines have passed, and Defendant filed a motion for summary judgment.  *Id.* at 13-15.  Defendant argues, even apply the Rule 15 standard, Plaintiffs did not meet their burden because there is undue delay, dilatory motive, and undue prejudice.  *Id.*

3

at 9-11. Defendant argues Plaintiffs have failed to show the proposed defendants are indispensable parties. *Id.* at 12-13.

## II. APPLICABLE LAW AND ANALYSIS

While Rule 15(a) applies when a party seeks leave to amend before expiration of the deadline for amendments, when leave is sought *after* the scheduling order deadline for amendments has expired, the analysis is governed by Rule 16.[1] The trial court has "broad discretion to preserve the integrity and purpose of the pretrial order," and "[o]nly upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave."[2]

In this case, the original Scheduling Order established a deadline of October 9, 2023, within which to amend pleadings. ECF No. 9 at 1. Although the Court issued a new Scheduling Order continuing the trial date and discovery deadline, that order did not revive any expired deadlines, including that for the filing of amendments. ECF No. 21. Plaintiffs' second motion for leave to amend was not filed until February 12, 2025, which is more than sixteen months after the deadline for amendment. ECF No. 63. Thus, Plaintiffs must establish good cause under Rule 16 before the Court may address the request under Rule 15.

### A. Rule 16's Good Cause Standard

To establish good cause to modify a scheduling order under Rule 16(b)(4), the movant must "show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[3] The four factors relevant to determining the existence of good cause in the context

---

[1] *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala.*, *NA*, 315 F.3d 533, 535–36 (5th Cir. 2003) (holding that Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings after a scheduling order deadline has expired and only upon a showing of good cause and with the judge's consent will the more liberal standard of Rule 15(a) apply to the court's decision to grant or deny leave).
[2] *Id.* (citation omitted); *see also Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008).
[3] *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (citation omitted).

4

of post-deadline amendment are: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."[4]

Plaintiffs address only the first factor, arguing there is good cause to add the proposed defendants because they received supporting evidence from Defendant only on January 17, 2025. ECF No. 63 ¶ 6. Courts have held newly discovered information acquired through discovery constitutes good cause for an untimely leave to amend.[5] However, because the good cause standard requires the movant to have acted diligently,[6] leave to amend should not be granted "if the information was known or should have been known" to the movant before the discovery,[7] i.e., before the deadline for amendments.[8]

As to Acadia Services, U-Haul Moving & Storage, and U-Haul Holding, the facts Plaintiffs assert they just discovered were facts they knew of, or should have known of, before the October 9, 2023, deadline for amendments. Plaintiffs argue they only recently discovered that Acadia

---

[4] *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (quoting *S&W Enters.*, 315 F.3d at 536).
[5] *Rivera v. Robinson*, No. 18-14005, 2019 WL 4024939, at *2 (E.D. La. Aug. 27, 2019) (Lemmon, J.) (citing *Bayou Liberty Prop., LLC v. Best Buy Stores, LP*, No. 14-1112, 2015 WL 1415704, at *2 (E.D. La. Mar. 27, 2015) (citing cases)); *see also EPL Oil & Gas, Inc. v. Tana Expl. Co., LLC*, No. 18-00757, 2018 WL 4489287, at *3 (E.D. La. Sept. 17, 2018) (finding good cause and valid explanation existed where party only learned of facts supporting the claim after the amendment deadline).
[6] *Mobius Risk Grp., LLC v. Glob. Clean Energy Holdings, Inc.*, No. 10-1708, 2011 WL 2193294, at *3 (S.D. Tex. June 6, 2011) (quoting *S&W Enters.*, 315 F.3d at 535); *see also Bayou Liberty Prop.*, 2015 WL 1415704, at *3 (citing *Mobius Risk Grp.*, 2011 WL 2193294, at *3) ("[D]iligence is at the crux of the good cause standard under Rule 16.").
[7] *Bayou Liberty Prop.*, 2015 WL 1415704, at *3 (citing *Mobius Risk Grp.*, 2011 WL 2193294, at *3; *George-Baunchand v. Wells Fargo Home Mortg., Inc.*, No. 10-3828, 2012 WL 2122198 (S.D. Tex. June 11, 2012), *appeal dismissed*, No. 12-20464 (5th Cir. Sept. 12, 2012)); *accord. Mobius Risk Grp.*, 2011 WL 2193294, at *3 (quoting *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994); and citing *Pope v. MCI Telecomms. Corp.*, 937 F.2d 258, 263 (5th Cir. 1991) (denying, under Rule 15(a)'s more lenient standard, a late-filed motions to amend a complaint to include claims based on same facts); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (denying leave to amend under Rule 16(b) when facts were known to plaintiff at time of first complaint); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340-41 (2d Cir. 2000) (same)).
[8] *Rivera*, 2019 WL 4024939, at *2 ("Because, through no fault of their own, the details concerning defendant's prescription drug use was only learned by plaintiffs after the deadline for amendments, this factor weighs in favor of a finding of good cause."); *EPL Oil & Gas*, 2018 WL 4489287, at *3 (finding good cause and valid explanation existed where party only learned of facts supporting the claim after the amendment deadline and citing cases where good cause was found under similar circumstances).

Services and U-Haul Moving & Storage were parties to their rental contracts, not Defendant,[9] but the entities are named on the corresponding rental contracts Plaintiff Stanley Nwachukwu entered on December 29, 2022,[10] and January 20, 2023,[11] and both entities are reflected on Plaintiff Stanley Nwachukwu's January 18 and February 15, 2023, credit card statements.[12] Plaintiffs assert they also recently discovered U-Haul Holding is the parent of Defendant,[13] but Defendant disclosed that fact in its June 2, 2023, Corporate Disclosure Statement.[14]

As to Repwest,[15] and to the extent Plaintiffs suggest they have discovered the entity provided insurance, Plaintiffs have provided no evidence supporting this assertion, which is required for amendment based on newly discovered evidence.[16] Without supporting evidence newly discovered, good cause cannot exist on this ground.[17] Therefore, for all proposed defendants, the first good cause factor is not satisfied.

Further, while the proposed amendments would likely satisfy the importance prong,[18] they appear prejudicial to the Defendant because they do not merely propose an alternative legal theory of recovery but rather fundamentally alters the nature of the case by adding entirely new parties.[19] Late stage amendments that plead a fundamentally different case with new causes of action and different parties, effectively reconstructing the case anew, are unduly prejudicial and should not

---

[9] ECF No. 63 ¶¶ 6-7.
[10] ECF No. 63-5.
[11] ECF No. 68-8.
[12] ECF No. 25-5 at 2, 6-7.
[13] ECF No. 63 ¶ 6.
[14] ECF No. 2.
[15] While it is unclear what more was known, Plaintiffs knew of Repwest's existence at least before the amendments deadline. *See* ECF No. 26-4 at 2, 4.
[16] *Thompson v. Travelers Indem. Co.*, No. 19-11221, 2021 WL 9440536, at *3 (E.D. La. Jan. 21, 2021).
[17] *Id.* (finding good cause did not exist because party "failed to proffer any evidence to support her claim").
[18] *See E.E.O.C. v. Serv. Temps, Inc.*, No. 08-1552, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (citations omitted) (finding the importance factor met when party sought to add new affirmative defenses and a counterclaim because they would protect the party from damages and entitle it to additional recovery if successful), *aff'd*, 679 F.3d 323 (5th Cir. 2012).
[19] *See Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004) (citation omitted).

be permitted.[20] In contrast, "amendments that merely propose alternative legal theories for recovery on the same underlying facts should be permitted 'as they advance Rule 15(a)'s policy of promoting litigation on the merits rather than on procedural technicalities.'"[21] And Judge Vance has already continued the trial of this matter once. Accordingly, Plaintiffs have not established good cause, as required by Rule 16.

B. **Rule 15 Standard**

Assuming Plaintiffs had addressed and established good cause, leave to amend is not automatic.[22] In light of Rule 15(a)(2)'s bias in favor of amendment, however, leave should be freely granted,[23] and the court must possess a substantial reason to deny leave to amend.[24] The five relevant factors considered in determining whether leave to amend is proper or there is substantial reason to deny the request are: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment.[25] Defendant does not argue futility or repeated failures to cure deficiencies. Rather, it asserts bad faith/dilatory motive, undue delay, and undue

---

[20] *Id.* (finding proposed amendment destroying the court's jurisdiction years into the litigation fundamentally altered the case).
[21] *Operaciones Tecnicas Marinas S.A.S. v. Diversified Marine Servs., LLC*, No. 12-1979, 2015 WL 4254130, at *5 (E.D. La. July 13, 2015) (Roby, M.J.) (quoting *Mayeaux*, 376 F.3d at 427).
[22] *Avatar Expl., Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991).
[23] Denial of leave to amend is reviewed for abuse of discretion. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006). The term "discretion" in this context "may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend." *Mayeaux*, 376 F.3d at 425 (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)). A district court properly exercises its discretion under Rule 15(a)(2) when it denies leave to amend for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility. *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (citation omitted).
[24] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citation omitted); *accord. Mayeaux*, 376 F.3d at 425 (quoting *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *Stripling*, 234 F.3d at 872); *see also D.L. Markham DDS, MSD, Inc. 401(K) Plan v. Variable Annuity Life Ins. Co.*, 88 F.4th 602, 613 (5th Cir. 2023) (affirming denial of leave to amend where undue delay provided a substantial reason to deny leave).
[25] *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Spicer*, 751 F.3d at 367 (citation omitted); *Strickland v. Bank of N.Y. Mellon*, 838 F. App'x 815, 821 (5th Cir. 2020) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) ("Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile.").

prejudice.

Although Rule 15(a)(2) does not itself impose a time limit on seeking leave to amend,[26] a litigant's failure to assert a claim as soon as he could have done so factors against the request.[27] At some point, plaintiff's delay can be procedurally fatal.[28]  For instance, the Fifth Circuit has affirmed a court's denial of leave to amend to add a new party when leave was not sought until thirteen months after filing suit and eight months after becoming aware of the new entity's existence.[29] Likewise, courts have found "undue delay" when a plaintiff knew the facts "all along" but waited over a year after the first amended complaint to seek leave to amend raising those facts.[30] Under such circumstances, plaintiff must show that the delay "was due to oversight, inadvertence, or excusable neglect."[31] "Merely because a claim was not presented as promptly as possible, however, does not vest the district court with authority to punish the litigant."[32]

"[D]elay alone is an insufficient basis for denial of leave to amend: The delay must be undue, i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court."[33] Courts have found prejudice when the amendment is asserted after the close of discovery; after dispositive motions have been filed, briefed, or decided; or on the eve of or in the middle of trial.[34]

---

[26] *See Smith*, 393 F.3d at 595 (citation omitted) (stating that Rule 15(a) does not impose a time limit "for permissive amendment").
[27] *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982) (finding late assertion of claim acceptable when all other factors pointed in favor of movant, no pretrial order or pretrial conference had been held, and no evidence of bad faith).
[28] *Smith*, 393 F.3d at 595 (quoting *Whitaker v. City of Hous.*, 963 F.2d 831, 836 (5th Cir. 1992)).
[29] *B. A. Kelly Land Co., L.L.C. v. Aethon Energy Operating, L.L.C.*, 25 F.4th 369, 384 (5th Cir. 2022).
[30] *See, e.g.*, *C3PO Int'l, Ltd. v. DynCorp Int'l, L.L.C.*, 663 F. App'x 311, 314-15 (5th Cir. 2016) (affirming district court's decision); *see also Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864–65 (5th Cir. 2003) (concluding the district court did not abuse its discretion in denying leave to amend because plaintiffs had not raised any facts that were not previously available and made a "strategic" decision to delay amending the complaint).
[31] *Smith*, 393 F.3d at 595 (citation omitted); *see also Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999) (citation omitted).
[32] *Carson*, 689 F.2d at 584.
[33] *Mayeaux*, 376 F.3d at 427 (citations omitted).
[34] *See Smith*, 393 F.3d at 594–96 (affirming denial of leave to amend based on undue delay and prejudice where amendment would add a new claim in the middle of trial after discovery had closed); *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) ("Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided."); *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming denial of leave to amend where the plaintiff filed the motion

A defendant is prejudiced if an amendment would require that the defendant "reopen discovery and prepare a defense for a claim different from the [one] . . . that was before the court."[35] Likewise, amendments that fundamentally alter the nature of the case or would force a party to re-urge the same arguments presented in previous dispositive motions[36] are considered prejudicial.[37] Merely being forced to incur additional fees and costs incurred to respond, which may cause some prejudice, however, does not constitute "undue prejudice" necessary to justify denial of a motion to amend.[38]

Bad faith or dilatory motive generally requires a showing that the movant is "engaging in tactical maneuvers to force the court to consider various theories seriatim."[39] Failure to include known facts in the initial complaint may give rise to an inference of bad faith or dilatory motive,

---

"on the eve of the discovery deadline"); *see also Ruby Slipper Cafe, LLC v. Belou*, No. 18-01548, 2018 WL 11179117, at *2 (E.D. La. July 3, 2018) (looking to whether the filing is within the court-imposed deadlines or would require the re-opening of discovery to assess undue delay and prejudice).

[35] *Smith*, 393 F.3d at 596 (quoting *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)); *see also C3PO Int'l*, 663 F. App'x at 314 (denying leave to amend based on, among other things, prejudice because of pressing discovery and trial deadlines); *cf. Mayeaux*, 376 F.3d at 427 (distinguishing between amendments that propose alternative legal theories of recovery, which "generally should be permitted," and those that "fundamentally alter the nature of the case," which "may be denied if the circumstances warrant," and finding no abuse of discretion in denial of amendment that would have unduly prejudiced the original and proposed new defendants by allowing plaintiffs to plead "a fundamentally different case with new causes of action and different parties" after the case had been pending for years and was nearing the close of extensive discovery);

[36] *U.S. ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 816 F.3d 315, 328 (5th Cir. 2016).

[37] *In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 467 & n.12 (5th Cir. 2012) (finding leave properly denied where proposed amendment was based on documents known to plaintiff for over a year and added new causes of action that would have "dramatically altered the subject matter of the suit at a late juncture . . . requir[ing] expansive [additional] discovery and litigation"); *Mayeaux,* 376 F.3d at 427–28 (finding the complaint would be "fundamentally altered" where proposed amendment would destroy jurisdiction and "effectively reconstruct[] the case anew.").

[38] *See, e.g.*, *Babin v. Caddo E. Ests. I, Ltd*., No. 10-896, 2012 WL 3310017, at *1 (E.D. La. Aug. 13, 2012) (granting motion to amend despite argued prejudice of additional costs because that is not sufficient to establish undue prejudice); *Richards' Realty Co., L.L.C. v. Paramount Disaster Recovery, Inc.,* No. 06-2396, 2008 WL 440325, at *3 (E.D. La. Feb. 8, 2008) (Vance, J.) (stating that continued expenditure of substantial litigation resources does not establish undue prejudice); *see also Adams v. Medtronic, Inc.*, No. 19-870, 2022 WL 3268506, at *3 (E.D. Tex. Aug. 10, 2022) (preparing additional discovery and re-deposing an unidentified number of witnesses is not "considerable delay and expense" as necessary to establish undue prejudice); *EnergyBill.com, L.L.C. v. Arcadis U.S., Inc.,* No. 21-00426, 2021 WL 9352581, at *3 (W.D. Tex. Dec. 9, 2021) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 599 (5th Cir. 1981)) (stating that cursory references to the increase in cost, complication and potential juror confusion are insufficient to demonstrate the kind of undue prejudice warranting denial of leave to amend at the early stage in proceedings).

[39] *Norman v. Webster*, No. 24-240, 2024 WL 3457600, at *3 (E.D. La. July 17, 2024) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 599 (5th Cir. Nov. 1981)).

9

but only when the movant "first presents a theory difficult to establish but favorable and, only after that fails, a less favorable theory."[40] When a movant waits to the summary judgement stage to seek leave to amend to raise new claims based on facts known prior to suing, the court may properly deny leave to amend for bad faith or dilatory motive.[41] The fact that a defendant has filed a motion for summary judgment is "significant" because "the value of summary judgment procedure . . . would be dissipated if a party were free to rely on one theory in an attempt to defeat [the motion], and then should that theory prove unsound, come back long thereafter and find on the basis of some other theory."[42] Thus, denial based on bad faith and/or dilatory motive is proper when the movant had ample opportunity to investigate his or her claims and seek leave but only does so after a motion for summary judgment is filed because the motion is an obvious tactical maneuver to avoid dismissal.[43]

Plaintiffs' mistaken reliance on only Rule 15(a) to support their request for leave to amend has resulted in their failure to establish the necessary elements under Rule 16. And until Plaintiffs establish good cause under Rule 16, the Court need not even reach the Rule 15 factors. Regardless, Plaintiffs should have known about Acadia Services and U-Haul Moving & Storage as those entities are parties to the original rental agreement, yet Plaintiffs conducted no discovery for almost two years. Only now, after expiration of discovery, the filing of a summary judgment motion, and

---

[40] *Id.* (quoting *Dussouy*, 660 F.2d at 599).
[41] *Id.* (citing *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 141 (5th Cir. 1993)).
[42] *Little v. Liquid Air Corp.*, 952 F.2d 841, 846 n.2 (5th Cir. 1992) (citing *Shivangi v. Dean Witter Reynolds, Inc.*, 825 F.2d 885, 890 (5th Cir. 1987); *Addingtion v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 667 (5th Cir. July Unit A 1981); and quoting *Freeman v. Cont'l Gin Co.*, 381 F.2d 459, 469-70 (5th Cir. 1967)).
[43] *Wimm*, 3 F.3d at 139-40 (finding bad faith and dilatory motive when requested leave to amend was interposed in an effort to avoid pending motion for summary judgment).

just two months before trial,[44] do Plaintiffs seek leave to amend to add these entities. The undue delay in raising this issue is prejudicial.

### III.   CONCLUSION

Initially, Plaintiffs seek leave to amend, invoking only the standard under Rule 15 without establishing good cause as required by Rule 16. Moreover, given the undue delay and undue prejudice to the Defendant and disruption to the Court's schedule, there is substantial reason to deny amendment in this case under even the more liberal Rule 15 standard. Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiffs' Second Motion for Leave of Court to Amend is DENIED.

New Orleans, Louisiana, this ___6th___ day of March, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[44] ECF No. 31-3 at 15-17.